(No. 3293—)

TILLMAN BRADDY, BY AMANDA ANGELMIRE, HIS MOTHER AND NEXT FRIEND, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1941.*

*Rehearing denied May 13, 1941.*

LEE ENSIL, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant, a minor, thirteen years of age, by Amanda Angelmire, his mother, and next friend, filed his complaint in this court asking for the sum of $10,000.00 in damages for personal injuries.

In brief, the complaint charges that on January 30, 1938, the claimant, was on U. S. Highway 30 near Joliet, Illinois; that he was standing on the right-hand side of an automobile and was about to enter the same; that his mother was at the steering-wheel; that a car owned by the State of Illinois, Department of Conservation, was negligently and carelessly operated so as to strike the claimant, bruising him severely. The claimant suffered a fracture of his right leg. He was taken to a hospital and remained in a cast for six weeks. He also charges a permanent injury to this leg, and that he has expended the sum of $131.04 in hospital and doctor bills on account of this injury.

The claim is predicated upon the theory that the State of Illinois is liable for the negligent acts of its agents.

This court has repeatedly held that the doctrine of respondeat superior does not apply to the State and the State is not liable for injuries to the person caused by the negligent or wrongful acts of its officers, agents or employees.

> *Harmon* vs. *State,* 9 C. C. R. 26;
> *Curry* vs. *State,* 9 C. C. R. 6;
> *Boyd* vs. *State,* 9 C. C. R. 79;
> *Cavatio* vs. *State,* 9 C. C. R. 249;
> *Powell* vs. *State,* 9 C. C. R. 314;

*Jenkins* vs. *State*, 9 C. C. R. 439;

*England* vs. *State*, 9 C. C. R. 59.

This court has also held that it has jurisdiction to recommend an award only where the State would be liable in law or in equity in a court of general jurisdiction, if it were suable.

*Crabtree* vs. *State*, 7 C. C. R. 207.

The Attorney General has filed a motion to dismiss and for the reasons herein announced that motion must be sustained. Cause dismissed and award denied.